NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOFTON RYAN BURRIS, | No. 14-55517 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00114-GAF-JC |
| v. | |
| WELLS FARGO BANK, NA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

This matter has been stayed since February 23, 2017 pending resolution of

*Ho v. ReconTrust Co., N.A.*, No. 10-56884, or further order of the court.

Defendant Deutsche Bank National Trust Company and Wells Fargo Bank, NA's

motion to lift the stay (Docket Entry No. 30) is granted.  We hereby lift the stay.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Burris's request for oral argument, set forth in his opening brief, is denied.

Lofton Ryan Burris appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Burris's action because Burris failed to allege facts sufficient to state any plausible claim. *See id*. at 341-42 (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by accepting defendants' motion to dismiss over Burris's objection that defendants had not complied with Central District of California Local Rule 7-3. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (standard of review); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

We do not consider arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**